# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ST. JOSEPH PARISH ST. JOHNS, | |
| *Plaintiff,* | No. 1:22-cv-1154 |
| v. | |
| DANA NESSEL, in her official capacity as Attorney General of Michigan, *et al.*, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| *Defendants.* | |

William R. Bloomfield (P68515)
Catholic Diocese of Lansing
228 N. Walnut Street
Lansing, Michigan 48933
(517) 342-2522
*wbloomfield@dioceseoflansing.org*

William J. Haun
Lori H. Windham
Nicholas R. Reaves
Brandon L. Winchel*
The Becket Fund for Religious
    Liberty
1919 Pennsylvania Ave. NW
    Suite 400
Washington, DC, 20006
Tel.: (202) 955-0095
Fax: (202) 955-0090
*whaun@becketlaw.org*

\* Not a member of the DC Bar;
admitted in California. Practice
limited to cases in federal court.

*Counsel for Plaintiff*

1

Plaintiff St. Joseph Parish ("St. Joseph") writes to notify this Court of a recent U.S. Supreme Court decision that bears on Defendants' pending Motion to Dismiss. *See* PageID.804.

In *303 Creative*, website designer Lorie Smith challenged ("through her business," 303 Creative LLC) Colorado's public accommodation law, alleging that if she were to "enter[] the wedding website business," the law would "force her to create speech she does not believe or endorse." *303 Creative LLC v. Elenis*, No. 21-476, ___ S. Ct. ___, 2023 WL 4277208, at *4, *6 (June 30, 2023). Both the Supreme Court's standing and free speech analyses are relevant to this Court's resolution of Defendants' pending Motion to Dismiss.

***First***, the Supreme Court confirmed the Tenth Circuit's holding that 303 Creative had standing to bring a pre-enforcement challenge to Colorado's public accommodation law, and it did so on even thinner facts than those present here: 303 Creative had not created any wedding websites, and had not faced any adverse action or threat of investigation. *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1172-73 (10th Cir. 2021). Even so, the Tenth Circuit held that 303 Creative was "rightfully wary" of

offering wedding-related services and therefore "may challenge [the public accommodation law] as chilling [her] speech." *Id.* at 1173.

Analyzing the same issues St. Joseph discussed under *SBA List*—including history of enforcement, provisions allowing for public enforcement, and the state's refusal to disavow enforcement—the Tenth Circuit found a credible threat of enforcement. *Compare* PageID.897-923 *with 303 Creative*, 6 F.4th at 1173. Regarding past enforcement, the court found evidence of a single similar case sufficient. *303 Creative*, 6 F.4th at 1173. Regarding the other two factors, the court noted that Colorado law allowed "any (would be) customer" to "file a complaint and initiate a potentially burdensome administrative hearing" and finally that "Colorado decline[d] to disavow future enforcement." *Id.* at 1174. The court also rejected Colorado's argument that "Appellants' fear of prosecution is not credible because it requires the court to speculate about the actions of Appellants' would-be customers," holding instead that the "Appellants' potential liability is inherent in the manner they intend to operate—excluding customers who celebrate same-sex marriages." *Id.* at 1173.

On these facts, the Supreme Court had no trouble also finding standing—and rejecting—the dissent's "chid[ing]" for "deciding a pre-enforcement challenge." *303 Creative*, ___ S. Ct. ___, 2023 WL 4277208, at *13; *id.* at *27 (Sotomayor, J., dissenting) ("Again, Smith's company has never sold a wedding website to any customer."). The Supreme Court, like the Tenth Circuit, pointed to (1) a single example of prior enforcement, (2) the ability of anyone to file a complaint, and (3) Colorado's refusal to disavow enforcement as justifying pre-enforcement standing. *Id.* at *6.

These same factors confirm pre-enforcement standing here, as St. Joseph has argued: Michigan is *currently* enforcing the ELCRA against a Catholic Charities in the Diocese of Lansing, PageID.918-920; Michigan law obligates the Department and Commission to investigate complaints filed by members of the public (as has already happened), PageID.920-921; and Michigan refuses to disavow enforcement, PageID.921-923. What is more—and unlike in *303 Creative*—St. Joseph does not just *intend* to engage in *future* actions that could violate the ELCRA—it is already engaged in conduct that expose it to potential

liability under the ELCRA. *See* PageID.882-883. *303 Creative* confirms St. Joseph's standing here.

**Second**, *303 Creative* further strengthens St. Joseph's speech and expressive association claim (Count IV). *See* PageID.475-477. In *303 Creative*, the Supreme Court (relying on *Hurley* and *Dale*) affirmed that "no public accommodations law is immune from the demands of the Constitution." *303 Creative*, ___ S. Ct. ___, 2023 WL 4277208, at *10-11. And, "[i]n particular, [that] … public accommodations statutes can sweep too broadly when deployed to compel speech." *Id.* This is the exact argument St. Joseph made in its Second Amended Complaint (also relying on *Hurley* and *Dale*): "[t]he ELCRA, as interpreted by Defendants, would require St. Joseph to speak a message contrary to its beliefs and to associate with others in a way that is contrary to its religious beliefs and message." PageID.476. *303 Creative* therefore confirms St. Joseph's allegations easily clear the motion to dismiss hurdle.

Date: July 13, 2023                    Respectfully submitted,

                                       /s/ *William J. Haun*
                                       Lori H. Windham
                                       William J. Haun
                                       Nicholas R. Reaves

Brandon L. Winchel*
The Becket Fund for Religious Liberty
1919 Penn. Ave. NW, Suite 400
Washington, DC 20006
Tel.: (202) 955-0095
Fax: (202) 955-0090
*whaun@becketlaw.org*

William R. Bloomfield (P68515)
Catholic Diocese of Lansing
228 N. Walnut Street
Lansing, Michigan 48933
(517) 342-2522
*wbloomfield@dioceseoflansing.org*

\* Not a member of the DC Bar;
admitted in California. Practice
limited to cases in federal court.


*Counsel for Plaintiff*