UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. JOSEPH PARISH ST. JOHNS,

     Plaintiff,

v

DANA NESSEL, in her official capacity as
Attorney General of Michigan; JOHN E.
JOHNSON, JR., in his official capacity as
Executive Director of the Michigan
Department of Civil Rights; PORTIA L.
ROBERSON, ZENNA FARAJ ELHASON,
GLORIA E. LARA, REGINA GASCOT-
BENTLEY, ANUPAMA KOSARAJU,
RICHARD CORRIVEAU, DAVID
WORTHAMS, and LUKE R. LONDO, in their
official capacities and members of the
Michigan Civil Rights Commission,

     Defendants.

No. 1:22-cv-1154

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

**DEFENDANTS' RESPONSE
IN OPPOSITION TO
PLAINTIFF'S 07/13/2023
MOTION FOR LEAVE TO
FILE A NOTICE OF
SUPPLEMENTAL
AUTHORITY**

_____/

William J. Haun
Lori H. Windham
Nicholas R. Reaves
Attorneys for Plaintiff
The Becket Fund for Religious Liberty
1919 Penn. Ave. NW., Suite 400
Washington, DC 20006
202.955.0095
lwindham@becketlaw.org
whaun@becketlaw.org
nreaves@becketlaw.org

Kimberly Pendrick (P60348)
Tonya Celeste Jeter (P55352)
Assistant Attorneys General
Attorneys for Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
313.456.0067
jetert@michigan.gov
pendrickp@michigan.gov

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S 07/13/2023
MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL
AUTHORITY**

Defendants submit this response in opposition to Plaintiff's 07/13/2023 Motion for Leave to File a Notice of Supplemental Authority regarding *303 Creative LLC v. Elenis*, 2023 U.S. LEXIS 2794 (U.S., June 30, 2023).  (ECF No. 54, PageID.1065-1071.)

Contrary to Plaintiff's assertions, *303 Creative* has no direct bearing on this case.  In *303 Creative,* a majority of the Supreme Court held that individually created wedding websites constituted the "pure speech" of the website designer, and that the State of Colorado could not "compel" this speech by requiring the designer to provide her services equally to same-sex and opposite-sex couples.  *303 Creative* at p. 9-15.  Much of the decision was based on a stipulation of the parties that the designer would offer services to all protected classes, including sexual orientation, with the exception of creating wedding websites that contradicted her religious belief (i.e., for same-sex couples), and that the graphics and websites at issue constituted expression and express the designer's message celebrating and promoting her view of marriage as limited to opposite sex couples.  *Id.,* p. 5.

Despite Plaintiff's contention, *303 Creative* does not impact the standing issue in this case.  Although this decision holds that a state law cannot compel an individual's pure speech, *303 Creative* provides no analysis regarding the text or application of Michigan's ELCRA or Title VII.  Further, unlike this case, *303 Creative* involved "a history of past enforcement against nearly identical conduct— *i.e., Masterpiece Cakeshop.*"  *Id.,* p. 5.  *303 Creative* and *Masterpiece Cakeshop* both

1

involved a refusal to provide a wedding service to a same-sex couple (one regarding a wedding site designer and the other a cake decorator).

Plaintiff argues that the MDCR is "enforcing the ELCRA" against a Catholic charity which it claims is similar enough to constitute past enforcement.  The issue related to the pending MDCR complaint against a Catholic charity has been addressed in the Motion to Dismiss response and reply.  (ECF No. 47, PageID.882, 915-920; ECF No. 48, PageID.950, 957-958.)  In essence, the MDCR complaint against the Catholic charity is related to an allegation they violated housing laws which is not at issue in the case at hand.  Housing discrimination claims are generally governed by Article 5 of the ELCRA, Mich. Comp. Laws § 37.2501, *et seq.,* and/or the federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.*  As a result, there is no substantially similar enforcement of the ELCRA as existed in *303 Creative*. Further, the intake of a complaint does not demonstrate whether the MDCR will make any determination that actionable discrimination occurred or that it would fail to consider applicable First Amendment protections.

Plaintiff's second argument is that *303 Creative* strengthens its speech and expressive association claim, where they claim that the ECLRA requires them to "speak a message contrary to its beliefs and to associate with others in a way that is contrary to its religious beliefs and message."  (ECF No. 55, PageID 1076.) Plaintiff's interpretation ignores the ELCRA's language regarding consideration of other applicable laws.  Further, if Plaintiff opines *303 Creative* prevents Michigan from taking action against it, then it is not clear why it opines that any further

2

action in this Court is required.  In addition, assessment of whether each action Plaintiff seeks to engage in as outlined in its complaint would constitute compelled speech is not before this Court where the pending Motion to Dismiss is based upon standing and ripeness.  The Supreme Court noted that "determining what qualifies as expressive activity protected by the First Amendment can sometimes raise difficult questions." *303 Creative* at p. 21–22.  It is unnecessary to reach these questions given the ELCRA's requirement that other laws be considered in its application.

Simply put, *303 Creative* has little to no bearing on this suit as it does not resolve Plaintiff's standing and ripeness issues.  Rather, it merely provides additional authority relative to Defendants' enforcement of the ELCRA in conjunction with the First Amendment.

<div style="margin-left:40%">

Respectfully submitted,

*s/Kimberly K. Pendrick*
Kimberly Pendrick (P60348)
Tonya Celeste Jeter (P55352)
Assistant Attorneys General
Attorneys for Defendants
Civil Rights and Election Div.
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456-0067
jetert@michigan.gov
P55352
pendrickk@michigan.gov
P60348

</div>

Dated:  July 26, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General

4